IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:24-cv-1105

| | | |
|---|---|---|
| ASHLEY PHYALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| EXP REALTY, LLC | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. INTRODUCTION

1. Ashley Phyall ("Plaintiff" or "Ms. Phyall") began her time with Exp Realty, LLC ("Defendant" or "Company") as an Administrative Support Coordinator on or around November 15, 2021. Unbeknownst to Ms. Phyall, her days at the Company were numbered after she announced she was pregnant. When Ms. Phyall disclosed her pregnancy around December, things quickly changed. Even though she received nothing but excellent feedback, her Team Lead quickly started micro-managing and criticizing her.

2. Ms. Phyall then complained to Regional Operations Manager Jennifer Aubrey. Ms. Phyall explained that she felt she was being targeted because she was pregnant, but Aubrey brushed this off. The harassment continued until Ms. Phyall went out on maternity leave. The Company then fired Ms. Phyall a few days before she was scheduled to return from that leave.

3. Ms. Phyall now turns to this court to be made whole for her harms and losses.

1

Plaintiff brings this action against the Company for violations of Title VII of the Civil Rights Act of 1964, including the Pregnancy Discrimination Act, and the Pregnant Workers Fairness Act.

## II. PARTIES, JURISDICTION, AND VENUE

4. Exp Realty, LLC is a Washington corporation with its principal office located at 2219 Rimland Drive, Ste 301 Bellingham, WA 98226 and its North Carolina registered agent is United Agent Group, Inc., located at 15720 Brixham Hill Avenue #300 Charlotte, NC 28277.

5. Plaintiff worked for Defendant from her home at 4117 Cedar Point Avenue, Matthews, NC, 28104. Plaintiff now resides in Magnolia, Texas.

6. Venue is proper in the Western District of North Carolina, Charlotte Division, because: Defendant has a substantial presence in Charlotte, North Carolina and conducts a great deal of business in Charlotte. At all relevant times, Plaintiff from her home at 4117 Cedar Point Avenue, Matthews, NC, 28104 and the facts and circumstances of the case arise in Charlotte, North Carolina. But for Defendant's illegal conduct, Plaintiff would have continued working for Defendant from her home office within the Western District of North Carolina.

## III. FACTUAL STATEMENT

7. Ms. Phyall began her career with the Company in or around November 2021. It hired her as an Administrative Support Coordinator in a remote role. Ms. Phyall was immediately successful. So successful, that the Company gave her more and more responsibility throughout her employment. But everything would soon change at the Company after Ms. Phyall learned that she was pregnant.

8. Around December 2021, Ms. Phyall told her team that she was pregnant. Her lead, Karrie Byers, immediately began micro-managing all of her work, even though she had previously received no negative feedback and had finished all her assignments without much help from Byers. Byers started hassling Ms. Phyall for unimportant things, like being logged in during lunch hours, whether her tasks were completed, and baselessly criticizing her.

9. The harassment continued even though Ms. Phyall's work was excellent. Because of this, Ms. Phyall complained to Regional Operations Manager Jennifer Aubrey. Ms. Phyall told Aubrey that she thought Byers's harassment was because of her pregnancy. Aubrey told Ms. Phyall that she saw nothing wrong with the situation and that Byers was too "sweet" to have crossed any lines. Due to this lack of action, the harassment continued.

10. Ms. Phyall began her scheduled maternity leave on or around June 2, 2022. She was scheduled to return to work on or around September 26, 2022.

11. On or around September 16, 2022, the Company fired Ms. Phyall. The Company's HR representative told Ms. Phyall that her position was being "dissolved." The representative assured Ms. Phyall that this move had nothing to do with her performance and that she would eligible for rehire. But none of this was true. The Company immediately replaced Ms. Phyall with a man named Paul Regina.

## IV. LEGAL CLAIMS

### Count I
*(Violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act)*

12. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

13. Through the Pregnancy Discrimination Act, Title VII's "because of sex" or "on the basis of sex" terms include "because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k).

14. Defendant employs, and at all relevant times has employed, more than 15 employees.

15. Plaintiff is a woman and was pregnant during her time of employment.

16. Defendant terminated Plaintiff soon after she announced her pregnancy to the Company.

17. Defendant terminated Plaintiff soon after she after she reported pregnancy discrimination.

18. Defendant terminated Plaintiff while she was on maternity leave.

19. Defendant violated Title VII by terminating Plaintiff on the basis of her pregnancy, childbirth, or related medical conditions.

20. Defendant also violated Title VII by failing to provide Plaintiff equal treatment and terminating her on the basis of her Pregnancy Discrimination Act protected status.

21. Defendant also violated Title VII and the Pregnancy Discrimination Act by terminating Plaintiff in retaliation for her protected activity, including opposition to discrimination and her maternity leave.

22. As an actual, proximate, and foreseeable consequence of Defendant's conduct, Plaintiff has suffered lost income, dimunition in expected earnings, emotional distress, anxiety, humiliation, expenses, reputational harm, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

23. Defendant's actions were done maliciously, willfully or wantonly, and in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

24. Defendant's officers, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

## Count II
### *(Violation of the Pregnant Workers Fairness Act)*

25. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

26. Defendant employs, and at all relevant times has employed, more than 15 employees.

27. Plaintiff is a woman and was pregnant during her time of employment.

28. Defendant terminated Plaintiff soon after she announced her pregnancy to the Company.

29. Defendant terminated Plaintiff soon after she after she reported pregnancy discrimination.

30. Defendant terminated Plaintiff while she was on maternity leave.

31. Defendant violated the law by terminating Plaintiff on the basis of her pregnancy, childbirth, or related medical conditions.

32. Defendant also violated the law by failing to provide Plaintiff equal treatment and terminating her on the basis of her protected status.

33. Defendant also violated the law by terminating Plaintiff in retaliation for her protected activity, including opposition to discrimination and her maternity leave.

34. As an actual, proximate, and foreseeable consequence of Defendant's conduct, Plaintiff has suffered lost income, diminution in expected earnings, emotional distress, anxiety, humiliation, expenses, reputational harm, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

35. Defendant's actions were done maliciously, willfully or wantonly, and in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

36. Defendant's officers, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

### Count III
*(Wrongful Discharge in Violation of Public Policy)*

37. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

38. Plaintiff was an at-will employee of Defendant.

39. Defendant employed at least fifteen (15) employees at all relevant times.

40. The public policy of North Carolina, codified in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2(a), seeks to protect and safeguard the opportunity and right of all individuals to "seek, obtain, and hold employment without discrimination" on the basis of race, religion, color, national origin, age, sex (including pregnancy), or handicap.

41. Defendant violated the public policy of North Carolina as set forth above by terminating Plaintiff because of her sex and pregnancy.

42. As an actual, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered lost back and front pay, lost benefits, diminution in her earning capacity, severe emotional distress, damage to her reputation, anxiety, depression, embarrassment, humiliation, and her peace of mind has been disturbed.

43. Defendant's actions were done maliciously, willfully, wantonly, and in a manner that demonstrates a reckless disregard for Plaintiff's rights. Defendant's officers, directors, and managers participated in and condoned this malicious, willful, wanton, and reckless conduct alleged above. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages.

## JURY TRIAL DEMANDED

WHEREFORE, the Plaintiff prays the Court to:

1. Enter a judgment against Defendant and order Defendant to pay Plaintiff damages for all harms and losses;

2. Award Plaintiff punitive damages;

3. Award Plaintiff all reasonable costs and attorney's fees incurred in connection with this action.

4. Award Plaintiff such other and further equitable relief as the Court deems appropriate under the circumstances; and

5. Grant Plaintiff a trial of this matter by a jury.

This the 20th day of December 2024.

/s/ Kevin P. Murphy
Sean F. Herrmann
North Carolina Bar No. 44453
Kevin P. Murphy
North Carolina Bar No. 41467
Herrmann & Murphy, PLLC
400 Clarice Ave.
Charlotte, North Carolina 28204
Phone: 704-940-6399
Fax: 704-940-6407
Email: kevin@herrmannmurphy.com
Email: sean@herrmannmurphy.com
*Attorneys for Plaintiff*